**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

ROBERT BATES,

Plaintiff,

vs.

STEPHEN HALE, *et al.*,

Defendants.

Case No. 1:22-cv-488

District Judge Matthew W. McFarland
Magistrate Judge Stephanie K. Bowman

**ORDER and**
**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this *pro se* civil rights action under 42 U.S.C. § 1983[1] against two SOCF lieutenants, Stephen Hale and Joshua Kinner, five SOCF corrections officers, Travis Wellman, Carl Justice, Scott Wasmer, Nicholas Davis, and Matthew Murrary, and a nurse at SOCF, Nurse Sammons. Plaintiff states that he is suing the defendants in their individual and official capacities. (Doc.1-1, at PageID 13). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The great majority of the allegations in plaintiff's complaint, with the exception of a new claim against defendant Sammons, were previously set forth in another action filed by plaintiff in this Court in Case No. 1:22-cv-337. In a Report and Recommendation, which is pending before the District Court in that case, the Magistrate Judge recommended that those allegations be

[1]*See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights ... secured by the Constitution and laws.' ") (footnote omitted).

severed and dismissed from that action without prejudice under Fed. R. Civ. P. 20(a)(2) and 21 because they were improperly joined to the claim that was allowed to proceed in that action. *See Bates v. ODRC, et al.*, No. 1:22-cv-337 (S.D. Ohio) (Doc. 13). *See also* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Following the issuance of that Report and Recommendation in Case No. 1:22-cv-337, plaintiff filed the instant action, reasserting claims from the earlier lawsuit against defendants Hale, Kinner, Wellman, Justice, Wasmer, Davis, and Murrary,[2] and adding a new claim against defendant Sammons.

This matter is now before the Court for a *sua sponte* review of plaintiff's instant complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**Screening of Plaintiff's Complaint**

**A. Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as

[2]Plaintiff spelled this defendant's name Murry in Case No. 1:22-cv-337.

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Plaintiff's Complaint**

Plaintiff alleges that on May 8, 2021, between 5:17 and 5:25 p.m., defendant Corrections Officers Murray and Davis pulled him out of his cell to shake it down. Plaintiff claims that while in the cell, Murray and Davis found a bottle of urine and, instead of issuing a conduct report per Ohio Department of Rehabilitation and Correction (ODRC) policy, put all of plaintiff's property on his bed and sprayed the bottle of urine on the bed and floor. Plaintiff alleges that Murray and Davis then left his cell, taking the bottle.

Plaintiff alleges that, between 6:00 and 6:15 p.m. defendant Lieutenant Hale conducted a range check and plaintiff informed him of the incident with Murray and Davis. Hale allegedly responded by asking Murray and Davis, "[i]s this the one you was telling me about if he get out of line call me back and we get him back in line?" Plaintiff claims that he then told Hale he was having chest pains and Hals stated, before exiting the range, "[y]ou better lay down for you be in a world of hurt."

Plaintiff alleges that at 6:30 p.m., Hale returned with defendant Lieutenant Kinner (who plaintiff alleges was a corrections officer at the time of the alleged events) and defendant Corrections Officers Wasmer, Justice, and Wellman. Plaintiff was allegedly told to "cuff up" to

go to the infirmary. In the infirmary, plaintiff allegedly spoke to a nurse and an EKG was performed. Plaintiff alleges that Hale stated, "[s]ince you made me do all this extra work and ain't nothing wrong with you we gone have some fun." Plaintiff alleges that Hale punched him in the mouth and the four other officers beat him in the head, back, and face, while defendant Nurse Sammons watched. Plaintiff alleges that no use of force was reported in violation of ODRC policy. Plaintiff claims that, as a result of the assault, he suffered a chipped tooth, split lip, swelling to the left side of his face, and abrasions under his eye. (Doc. 1-1, at Page ID 14-15).

For relief, plaintiff seeks monetary damages, as well as injunctive and declaratory relief. (Doc. 1-1, at PageID 17-18).

**C.     Analysis**

Based on the above allegations, plaintiff claims that all defendants violated his Eighth Amendment rights. (Doc. 1-1, at PageID 14-16). At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed at this juncture with his Eighth Amendment claims against defendants Murrary and Davis based on plaintiff's allegations that these defendants placed his property on his bed and then sprayed urine on the bed and floor; against defendants Kinner, Hale, Wasmer, Justice, and Wellman based on plaintiff's allegations that these defendants used excessive force against him in the infirmary; and against defendant Sammons based on plaintiff's allegations that this defendant failed to intervene in the alleged excessive force. However, the remainder of the complaint should be dismissed. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

First, plaintiff is barred from bringing a suit for damages against any "state actor" defendant in his or her official capacity. *See, e.g., Will v. Michigan Dep't of State Police,* 491

U.S. 58, 63-64, 71 (1989) (citing *Brandon v. Holt,* 469 U.S. 464, 471 (1985); *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985); *Monell v. Dep't of Soc. Services,* 436 U.S. 658, 690 n.55 (1978)) (holding that "neither a State nor its officials acting in their official capacities are 'persons'" who may be held liable for constitutional violations in a § 1983 action); *see also Turker v. Ohio Dep't of Rehab. & Corr.,* 157 F.3d 453, 456 (6th Cir. 1998) (and cases cited therein) ("It is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages.").

Next, to the extent that plaintiff seeks to bring an Eighth Amendment claim for deliberate indifference based on his alleged complaints of chest pains, his allegations are insufficient to state a claim for deliberate indifference to a serious medical need. To state an actionable § 1983 claim for deliberate indifference by a prison official in the provision of medical care, the complaint must allege facts showing (1) the inmate had a "sufficiently serious" medical need; and (2) the prison official was aware "a substantial risk of serious harm" existed and ignored that risk by failing to take reasonable action to treat the inmate's medical need. *See Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895–97 (6th Cir. 2004); *see also Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (holding that "a prison official may be liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"); *Williams v. Mehra*, 186 F.3d 685, 691–92 (6th Cir.1999) (en banc) (to be found liable under the Eighth Amendment, the prison official "must both be aware of facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw that inference").

The standard has both an objective and subjective component. *Blackmore*, 390 F.3d at

895. Under the objective component, a medical need is "serious if it is one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would easily recognize the necessity of a doctor's attention." *Id.* at 897 (internal citation and quotation marks omitted) (emphasis in original). Under the subjective component, an inmate must show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Id.* at 895 (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). For example, in *Blackmore*, the Sixth Circuit distinguished claims of minor, non-obvious injuries that require "verifying medical evidence" from "a constitutional claim for immediate or emergency medical attention" based on the "obviousness" of a prisoner's medical needs. *Id.* (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187-88 (11th Cir. 1994)).

Here, even assuming, *arguendo*, that plaintiff's allegation that he complained of chest pains could satisfy the objective component of the deliberate indifference test, plaintiff alleges that he was taken to the infirmary within minutes of his complaints and that he was given an EKG. Plaintiff does not allege that the EKG revealed that any additional medical treatment was necessary. Given the absence of any allegations of a denial or delay in the receipt of medical care, plaintiff has not stated a claim for deliberate indifference to a serious medical need and any such claim should be dismissed. *Cf., Foos v. City of Deleware*, No. 2:08-cv-873, 2010 WL 3489384, at *9 (S.D. Ohio Aug. 31, 2010) (finding that there was no deliberate indifference where "there was not a denial or delay in receipt of medical care").

Additionally, to the extent plaintiff is claiming that defendants Murray and Davis destroyed his personal property and thereby deprived him of property without due process of law in violation of the Fourteenth Amendment, such claims should also be dismissed. In order to assert a due process claim, plaintiff must first plead, and ultimately prove, the inadequacy of

state remedies for redressing the wrong. *See Vicory v. Walton,* 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer,* 468 U.S. 517 (1984); *Parratt v.* Taylor, 451 U.S. 527 (1981), *overruled in part on other grounds, Daniel v. Williams,* 474 U.S. 517 (1984). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587–88 (6th Cir. 2004). Therefore, in order to state a procedural due process claim under § 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati,* 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory,* 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson,* 360 F.3d at 588.

Plaintiff has not alleged any facts indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate. Plaintiff's complaint fails to explain why a state tort remedy for conversion would not suffice to address his claim. *See Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999). Therefore, plaintiff fails to state a due process claim that is actionable in this § 1983 proceeding. Accordingly, any due process claims for the destruction of plaintiff's personal property are without merit and should be dismissed.[3]

Likewise, any claim by plaintiff that defendants Murray, Davis, Kinner, Hale, Wasmer, Justice, or Wellman violated his constitutional rights by allegedly failing to follow ODRC policy

---

[3]Nor could plaintiff bring a claim against defendants under the Fourth Amendment. *Holt v. Hockett*, No. 1:19-CV-583, 2019 WL 4928895, at *3 (S.D. Ohio Oct. 7, 2019), *report and recommendation adopted*, No. 1:19CV583, 2020 WL 33128 (S.D. Ohio Jan. 2, 2020) ("Moreover, 'the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.'" (quoting *Hudson v. Palmer*, 468 U.S. 517, 526 (1984)).

should be dismissed. A "defendant's alleged failure to comply with a prison policy directive . . . does not rise to the level of a constitutional violation because the policy directive simply does not create a protectible liberty interest." *McVeigh v. Bartlett*, 52 F.3d 325 (6th Cir. 1995). Accordingly, any such claim is subject to dismissal.

Finally, although the Court has allowed plaintiff's Eighth Amendment claims to proceed at this juncture against defendants Kinner, Hale, Wasmer, Justice, and Wellman based on plaintiff's allegations that these defendants used excessive force against him in the infirmary, plaintiff has not stated an Eighth Amendment claim based on any remarks that Hale allegedly made prior to the use of excessive force. (*See* Doc. 1-1, at PageID 14-15). *See, e.g.*, *Foster v. Graves*, No. 3:22-CV-00017, 2022 WL 164542, at *3 (M.D. Tenn. Jan. 18, 2022) (noting that the plaintiff could not maintain a "separate Eighth Amendment claim against [the defendant] based on the threats [the defendant] made prior to the attack.") (citing *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)). "[H]arassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits." *Johnson*, 357 F.3d at 546.

Accordingly, in sum, it is **RECOMMENDED** that the complaint be **DISMISSED with prejudice**, with the exception of plaintiff's Eighth Amendment claims against defendants Murrary and Davis based on plaintiff's allegations that these defendants placed his property on his bed and then sprayed urine on the bed and floor; against defendants Kinner, Hale, Wasmer, Justice, and Wellman based on plaintiff's allegations that these defendants used excessive force against him in the infirmary; and against defendant Sammons based on plaintiffs' allegations that this defendant failed to intervene in the alleged excessive force. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint (Doc. 1-1) be **DISMISSED with prejudice**, with the exception of plaintiff's Eighth Amendment claims against defendants Murray and Davis based on plaintiff's allegations that these defendants placed his property on his bed and then sprayed urine on the bed and floor; against defendants Kinner, Hale, Wasmer, Justice, and Wellman based on plaintiff's allegations that these defendants used excessive force against him in the infirmary; and against defendant Sammons based on plaintiff's allegations that this defendant failed to intervene in the alleged excessive force. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal shall serve a copy of the complaint, summons, the Order granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Murray, Davis, Kinner, Hale, Wasmer, Justice, Wellman, and Sammons, as directed by plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge

which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

November 21, 2022

*s/Stephanie K. Bowman*
STEPHANIE K. BOWMAN
United States Magistrate Judge