**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROBERT BATES,                                        Case No. 1:22-cv-488

      Plaintiff,

                                      McFarland, J.
      vs                                         Bowman, M.J.

STEPHEN HALE, et al.,

      Defendants.

**REPORT AND RECOMMENDATION**

This pro se prisoner civil rights case has been referred to the undersigned magistrate judge for initial consideration of all pending motions. In this Report and Recommendation, the undersigned recommends that Plaintiff's motion for preliminary injunction and for a temporary restraining order be DENIED.

## I.      Background

Plaintiff Robert Bates is an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, OH who currently has pending four civil rights cases in this Court.[1] In the above captioned case, Plaintiff has filed suit against two SOCF lieutenants, five SOCF corrections officers, and a nurse relating to events that allegedly took place on May 8, 2021. (Doc. 4). On November 21, 2022, the undersigned granted Plaintiff leave to proceed *in forma pauperis*, and filed a screening Report and Recommendation ("R&R") that reviewed the allegations in Plaintiff's tendered complaint under 28 U.S.C. §§1915(e)(2)((B) and 1915A(b). In that R&R, which was later adopted as the opinion of

---

[1]*See*, *e.g.*, Case Nos. 1:22-cv-337-DRC-KLL, 1:22-cv-488-MWM-SKB, 1:23-cv-00016-JPH-KLL, 1:23-cv-00017-JPH-SKB. The records of this Court reflect additional pro se prisoner cases previously filed by a "Robert Bates" but it is unclear, based on the inclusion of a different prisoner number on the docket sheet, that those cases were filed by the same individual.

the Court, Plaintiff was permitted to proceed with his Eighth Amendment claims against Corrections Officers Murrary and Davis based on allegations that those two Defendants placed his property on his bed and then sprayed urine on the bed and floor; against Lieutenants Kinner and Hale and COs Wasmer, Justice, and Wellman based on allegations that those five Defendants used excessive force against him in the infirmary; and against Nurse Sammons based on allegations that she failed to intervene in the alleged excessive force. (Docs. 5, 10).

This matter is now before the Court on Plaintiff's Motion for Preliminary Injunction and TRO Request (Doc. 29) and the parties' responsive memoranda. (Docs. 30, 31). Without naming any specific individual, Plaintiff generally alleges that "Defendants" have "[a]ssaulted, beaten, [t]hreatened, [h]arassed, and [r]etaliated" against him "for filing Complaints/Grievances and pursuing legal claims,"  and have labeled him as a "'snitch' in front of [d]angerous inmates." (Doc. 29 ¶ 5). He alleges that as a result of being labeled "a snitch" he was "assaulted in the chow hall on 9-11-22," during an incident that is at the heart of a separate civil rights case. *See Bates v. O'Connor*, Case No. 1:23-cv-17. Plaintiff expresses fear of future assaults, and of future harassment by unidentified "SOCF staff members" who may issue false conduct reports that will negatively impact his security level. (*Id*. ¶6). He seeks declaratory and injunctive relief including expungement of his "institutional prison record…of any [n]egative [e]ntries that plaintiff can prove are false conduct reports," as well as transfer to a different institution. (*Id*. ¶¶ 7-8).

The undersigned takes judicial notice that the same Plaintiff previously filed a similar motion in Case No. 1:22-cv-337-DRC-KLL, alleging that he was "being targeted, threatened, verbally harassed, and retaliated against for pursuing legal claims," (*see id*.,

Doc. 39 at PAGEID 506), and that two correctional officers had told other inmates that he was a "snitch" in an effort to have him beaten or killed. (*Id*.; *see also* Doc. 40 in Case No. 1:22-cv-337-DRC-KLL). In that case, Plaintiff similarly sought immediate transfer to another institution, but his construed motion for preliminary injunctive relief and for a temporary restraining order was denied. (*Id*. at Docs 40, 48). For mostly the same reasons stated by Magistrate Judge Litkovitz in that case, Plaintiff's motion should be denied in the above-captioned case. In addition, however, the undersigned takes judicial notice that Plaintiff's request to be transferred to a different institution than SOCF – as well as any request for injunctive relief against Defendants at SOCF - is now moot. On July 12, 2023, Plaintiff filed a change of address, noting his recent transfer to the Toledo Correctional Institution. (Doc. 36).

## II.     Analysis

Plaintiff's motion generally reasserts the allegations in his complaint related to alleged Eighth Amendment violations. Yet his motion for a preliminary injunction and for a TRO is based on unrelated and new allegations of retaliatory conduct engaged by both unidentified "Defendants" (without distinguishing which individual(s) may have been involved) and unidentified SOCF "staff members" who are not parties here. Plaintiff complains that on one or more unidentified dates, someone (whether Defendants or non-party staff members) labeled him as a "snitch" in front of unidentified "dangerous" inmates. Plaintiff also alludes to past disciplinary violations and to a fear of future "false" conduct reports filed by staff members and/or Defendant(s) against him. But he offers no names, dates, or other salient details to support his new allegations.

Apart from the rather tenuous link Plaintiff's motion appears to have to the specific Eighth Amendment claims at issue, this Court must balance the factors below to determine the propriety of preliminary injunctive relief:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should be granted only "upon a clear showing that the plaintiff is entitled to such relief" and proof that the circumstances demand it. *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) (citations omitted); *Leary*, 228 F.3d at 739.

Plaintiff has not alleged facts sufficient to warrant a preliminary injunction. He has failed to demonstrate a substantial likelihood of success on the merits of his Eighth Amendment claims against the identified Defendants, or to connect those claims to the preliminary injunctive relief he seeks, or to show that he will suffer irreparable harm

4

without that relief.[2] And as a practical matter, his transfer to a new institution during the pendency of his motion renders moot most of his motion.

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *See Overstreet v. Lexington-Fayette Urban County Government,* 305 F.3d 566, 573 (6th Cir. 2002). When an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are "especially critical" since such an order would necessarily intrude "significantly into the prerogatives of state correctional officials." *See Glover v. Johnson,* 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland,* 740 F.2d 432, 438, n. 3 (6th Cir. 1984)("[W]here state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities").

On the record presented, the only relief Plaintiff seeks that has not been rendered moot by his transfer to a new institution - expungement of his institutional prison record "of any [n]egative [e]ntries that plaintiff can prove are false" - is inappropriate because the purpose of a preliminary injunction is to preserve the status quo until a trial on the merits can be held. Plaintiff requests an Order requiring Defendants or other non-parties[3] to affirmatively correct alleged constitutional deficiencies that have not yet been proven and that are – at best – only loosely connected to the Eighth Amendment claims at issue. "Such affirmative relief is generally beyond the scope and purpose of preliminary

---

[2]Plaintiff's motion expresses fear of future harm as a result of having been labeled at SOCF as a "snitch" and/or the threat of future retaliatory conduct violations that could subject him to solitary confinement. The speculative nature of Plaintiff's allegations aside, in theory a threat of *solitary* confinement would decrease any risk of injury to Plaintiff by other inmates.
[3]Because Plaintiff offers no details about which disciplinary records he seeks to expunge, it remains unclear that any of the named Defendants were involved or would have any authority to alter such records.

injunctive relief." *Perry v. Warden Warren Corr. Inst*., No. 1:20-cv-30, 2020 WL 1659875, at *2 (S.D. Ohio Mar. 30, 2020), R&R adopted, 2020 WL 4022225 (S.D. Ohio July 16, 2020) (citing *Southern Milk Sales*, 924 F.2d at 102); *see* also *Martin*, 924 F.2d at 102.

### III.     Conclusion

For all of these reasons, extraordinary relief is not warranted. The undersigned accordingly **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for a temporary restraining order and preliminary injunction. (Doc. 29).

_s/Stephanie K. Bowman____
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROBERT BATES,                                           Case No. 1:22-cv-488

     Plaintiff,

     vs                                                       McFarland, J.
                                                                    Bowman, M.J.

STEPHEN HALE, et al.,

     Defendants.

**NOTICE**

Under Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).