**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| ROBERT BATES, | : | Case No. 1:22-cv-488 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Stephanie K. Bowman |
| v. | : | |
| | : | |
| STEPHEN HALE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

## ENTRY AND ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 44)

---

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge Stephanie K. Bowman (Doc. 44), to whom this case is referred pursuant to 28 U.S.C. § 636(b). The Report recommends that Plaintiff's Motion for Summary Judgment (Doc. 34) be denied and Defendants' Cross Motion for Summary Judgment (Doc. 38) be granted in part and denied in part. Defendants timely filed Objections to the Report. (Objections, Doc. 45.) Thus, the matter is ripe for the Court's review.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has completed a de novo review of the record in this case. Upon review, the Court agrees with the thorough analysis contained in the Report and finds that Defendants' Objections have been fully addressed and adjudicated in the Report. Nonetheless, the Court will address Defendants' Objections to ensure a clear statement of the bases for the Court's findings.

Defendants' Objections are made in response to the Magistrate Judge's factual findings. A Magistrate Judge's factual findings are reviewed under a "clearly erroneous" standard. *Itskin v. Gibson*, No. 2:10-cv-689, 2012 U.S. Dist. LEXIS 32169, at *3 (citing *Gandee v. Glaser*, 785 F. Supp. 648, 686 (S.D. Ohio 1992)). "A finding is clearly erroneous only when the district court is left with the definite and firm conviction that a mistake has been made." *Id.* As detailed below, Defendants have presented no evidence to show that the Magistrate Judge's factual findings are clearly erroneous.

Defendants first argue that the Magistrate Judge discounted the value of video evidence showing Plaintiff arriving and leaving the infirmary. (Objections, Doc. 45, Pg. ID 547-48.) In her Report, the Magistrate Judge noted that the video showed Plaintiff walking back from the infirmary with a white mask over his face, which made it "impossible to discern whether [Plaintiff] has any injury to his mouth or tooth, and swelling to his left side arguably would be obscured." (Report, Doc. 44, Pg. ID 535.) This fact, coupled with the poor quality of the video, prevented the Magistrate Judge from finding that the video "blatantly contradicted" Plaintiff's evidence that he was attacked. (*Id.* at Pg. ID 536.)

Defendants maintain that the fact that the mask was clean, without any blood, contradicts statements of inmates who maintain that Plaintiff returned with blood in his mask. (Objections, Doc. 45, Pg. ID 547-48.) But this contrary evidence fails to prove that Plaintiff was not attacked. The mask may have still covered evidence—other than blood—of an attack on Plaintiff. To the extent that this contradiction calls the inmates' credibility into question, such consideration is in the province of the jury. *See Anderson v.*

2

*Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.").

Next, Defendants argue that Plaintiff's affidavit is contradictory and therefore should not have been relied on by the Magistrate Judge. (Objections, Doc. 45, Pg. ID 548-49.) Defendants point to one potential contradiction by Plaintiff. (*See id.*) In Plaintiff's affidavit, he states that he "had no interpersonal interactions with no other person at the time his injuries was recorded." (Plaintiff Aff., Doc. 27, Pg. ID 252 (original spelling).) Defendants maintain that this statement contradicts inmate-Spears' declaration that he and Plaintiff had a conversation about the attack after Plaintiff returned from the infirmary. (Objections, Doc. 45, Pg. ID 548-49; Spears Dec., Doc. 2, Pg. ID 79.)

Defendants' argument does not show that the Magistrate Judge's reliance on Plaintiff's affidavit was misplaced. First, it is unclear whether these two pieces of evidence contradict each other. When stating that he had no interpersonal interactions, Plaintiff does not clearly indicate whether he is referring to his initial return from the infirmary after the attack or his second return from the infirmary after his attack-related injuries were treated. (Plaintiff Aff., Doc. 27, Pg. ID 252.) Spears' declaration does not specifically identify the time or location of his conversation with Plaintiff, only generally noting that it occurred after Plaintiff returned from the infirmary. (*See* Spears Dec., Doc. 2, Pg. ID 79.) In any event, whether Plaintiff spoke with someone after the alleged attack does not necessarily negate the fact that Plaintiff may have been attacked. If anything, this contradiction may cast doubt on the reliability of Plaintiff's evidence—again, a

consideration for a jury, not the Court, to evaluate. *Wheeler v. McKinley Enters.*, 937 F.2d 1158, 162 (6th Cir. 1991) ("Credibility determinations are for the jury.").

Next, Defendants maintain that the Magistrate Judge incorrectly found that Plaintiff properly filed a grievance relating to the attack. (Objections, Doc. 45, Pg. ID 550.) But, the Report explicitly notes that, while Plaintiff did not include the attack in his Informal Complaint Resolution form, the attack was nevertheless discussed and documented during the grievance process. (Report, Doc. 44, Pg. ID 520-22.) Thus, Defendants' argument is not well taken, as the Magistrate Judge did not find that Plaintiff properly filed a grievance relating to the attack.

Finally, Defendants argue that Plaintiff's statements and actions during the grievance process are unreliable to prove that an attack occurred. (Objections, Doc. 45, Pg. ID 551.) Specifically, Defendants point to Plaintiff's version of events, noting that his timeline is "illogical." (*Id.*) Additionally, Defendants maintain that Plaintiff's failure to properly file a grievance on the attack shows that he was not attacked. (*Id.*) But, again, these arguments require the weighing of evidence, which is a job suited for a jury. *See Anderson*, 477 U.S. at 255.

Defendants have thus failed to show that the Magistrate Judge's factual findings are clearly erroneous. As a result, Defendants' Objections (Doc. 45) are not well-taken and **OVERRULED**. Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 44) in its entirety and **ORDERS** the following:

1. Plaintiff's Motion for Summary Judgment (Doc. 34) is **DENIED**;

2. Defendants' Cross Motion for Summary Judgment (Doc. 38) is **GRANTED**

**IN PART AND DENIED IN PART** as follows:

a. The motion of Defendants Murphy and Davis for summary judgment on the conditions-of-confinement claim is **GRANTED**; and

b. The motion of the remaining Defendants for summary judgment on the excessive force and failure-to-intervene claims is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

5